UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory D. Brookins, #295747, | ) | C/A No. 3:08-774-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| John De Jong, Esquire, Pickens County Public Defender; | ) | |
| Judge Henry F. Floyd; | ) | |
| Agents Henry Campbell and David Lovell; | ) | |
| Solicitor Robert M. Ariail; | ) | |
| Assistant Solicitor Jennifer Coyle; | ) | |
| and others whose names are unknown; | ) | |
| all defendants are sued in their official and private | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Introduction

The plaintiff, Gregory D. Brookins, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Trenton Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names several defendants who appear to be employed by county governments, for example, solicitors from Greenville County and agents from the Pickens County Sheriff's Office. [2]  The plaintiff seeks $300,000.00 in monetary damages against each defendant for violation of his constitutional rights.  The complaint should be summarily dismissed for failure to

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

state a cognizable claim upon which relief may be granted and based upon several defendants' immunity.

### *Pro Se* Plaintiff Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Moreover, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Therefore, even if the plaintiff had paid the full filing fee upon filing this case, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1)

it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Factual Background and Plaintiff's Allegations</u>

The plaintiff claims that his due process rights were violated by the defendants who were the persons involved with the investigation and prosecution of criminal charges against him in the South Carolina Court of General Sessions.  It appears that the plaintiff may have been charged with six different counts related to distribution of crack cocaine and distribution of crack within one-half mile of a school.  *See* Docket Entry 1, Exhibit I, letter dated July 7, 2003.  The plaintiff alleges that he pled guilty on August 26, 2003, to "second offense distribution of crack cocaine, distribution of crack cocaine and distribution of crack cocaine within proximity of a school zone."  *See* Docket

3

Entry 1 at p.3. The plaintiff further alleges that he was sentenced on the same date by Judge Henry F. Floyd who used "some type of illegal points sentencing scheme" to arrive at an unconstitutional sentence.[3] *See* Docket Entry 1 at p.4.

The plaintiff alleges that defendants De Jong, Coyle, Lovell, and Campbell "acted in concert ... to deprive plaintiff of his liberty ....  As a result of the defendants unlawful scheme plaintiff has been deprived of his liberty and his right to due process." *See* Docket Entry 1 at p.IV. The plaintiff attached copies of certain letters written by defendant Coyle, Assistant Solicitor, during plea negotiations, wherein she offered to dismiss certain charges against the plaintiff if he would plead guilty to other charges. The plaintiff alleges that he did not know about these letters or the contents therein because "defendants Campbell, Lovell and De Jong made an agreement to not inform plaintiff of any plea offers from the state ...." *See* Docket Entry 1 at p.II. The plaintiff also alleges that defendants Campbell and Lovell produced false arrest warrants and/or "trumped up" charges knowing that those charges did not exist in their efforts to imprison the plaintiff. *See* Docket Entry 1 at p.III.

It appears that the state convictions for which the plaintiff is currently imprisoned have not been invalidated. This Court reviewed the plaintiff's habeas action filed in this Court pursuant to 28 U.S.C. § 2254, *Brookins v. Warden*, C/A No. 3:07-1150-GRA-JRM, wherein the plaintiff argued that his incarceration in the South Carolina Department of Corrections was in violation of the United

---

[3] On May 30, 2008, the Clerk of Court filed in this action a letter from the plaintiff to the "Honorable Henry Floyd" wherein the plaintiff requests a reduction of his state sentence imposed in 2003. The undersigned notes that Judge Floyd does not have jurisdiction to reconsider a sentence that he imposed after adjournment of the court. *See State v. Patterson*, 249 S.E. 2d 770 (S.C. 1978).

States Constitution.[4]  On March 31, 2008, this District Court granted summary judgment to the respondent because the plaintiff's Section 2254 petition was not timely filed within the AEDPA statute of limitations and because the claims were procedurally barred; on April 9, 2008, the plaintiff filed a notice of appeal in the pending habeas action.

Discussion

I. <u>Immunity From Suit.</u>

Defendant Henry F. Floyd, a then South Carolina circuit court judge[5], has absolute judicial immunity.  Therefore, the portion of the complaint which brings suit against him is subject to dismissal under 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii).  Judges have absolute immunity from a claim for damages arising out of their judicial actions.  *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  Immunity presents a threshold question.  *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).  Absolute  immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  It is clear from the complaint that defendant Floyd was acting within his judicial capacity during the alleged wrong-

---

[4] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases.  *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time).  *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[5] The Honorable Henry F. Floyd is currently a United States District Judge for the District of South Carolina.

doing – the handing down of an illegal sentence.  Defendant Floyd should be summarily dismissed from this action based upon absolute immunity.

Defendant Ariail, the Solicitor for the 13th Judicial Circuit of South Carolina, and defendant Coyle, an assistant solicitor, also have absolute immunity.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  Solicitors are elected by voters of a judicial circuit.  *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws.  Prosecutors, including defendants Ariail and Coyle, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.  *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991).  Defendant Coyle's alleged participation in a conspiracy to deprive plaintiff of his liberty occurred during pre-trial plea negotiations which was a part of the judicial process.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  The plaintiff did not allege any actions or inactions by defendant Ariail; thus, it appears that he is being sued because he was the supervisor of defendant Coyle.  It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions.  *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).  Accordingly, defendants Ariail and Coyle should be dismissed based upon absolute immunity and, additionally, defendant Ariail because respondeat superior is not applicable in this § 1983 lawsuit.

II. <u>Actions Under Color of Law.</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff brings suit against his former attorney, John De Jong, for his alleged failure to inform the plaintiff of the plea offers by the solicitor. The plaintiff alleges that defendant De Jong conspired with the other defendants to violate the plaintiff's due process rights.

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). In *Hall v. Quillen*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because public defender De Jong did not act under color of state law, he should be summarily dismissed from this § 1983 action.

7

III. Damages claim and *Heck v. Humphrey.*

The United States Supreme Court has held that in order to recover damages for imprisonment

in violation of the constitution, the imprisonment must first be successfully challenged.  *See Heck*

*v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction
> or imprisonment, or for other harm whose unlawfulness would render a conviction
> or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such a determination, or called into question
> by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim
> for damages bearing that relationship to a conviction or sentence that has not been
> so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to

§ 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the

judgement.).  *See also Wallace v. Kato*, 127 S.Ct. 1091, 1097 (2007) (noting that "the *Heck* rule ...

is called into play only when there exists 'a conviction or sentence that has *not* been ... invalidated,'

that is to say, an 'outstanding criminal judgment.'") (quoting *Heck v. Humphrey*, 512 U.S. 477

(1994)).

The plaintiff alleges that all of the defendants conspired to deprive the plaintiff of his liberty

without due process.  A favorable determination on the merits of the plaintiff's claims in this § 1983

action would necessarily imply that his imprisonment is invalid.  Even the allegation that defendants

Campbell and Lovell created false or "trumped-up" charges and/or arrest warrants in their efforts

to imprison the plaintiff appear to be inextricably intertwined with the plaintiff's convictions.  All

of the alleged warrants (the valid ones and allegedly false ones) related to plaintiff's crack cocaine

distribution.  The United States Supreme Court states that "when a state prisoner seeks damages in

a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.  The plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement; therefore, the entire complaint against all defendants, known and unknown, should be dismissed.  Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

June 6, 2008
Columbia, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).